IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| BRET TUCKER FANNING, | ) | |
| Individually and as the Surviving Spouse | ) | |
| And Next of Kin of Shanda Fanning, | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 3:14-CV-01650 |
| | ) | Judge Haynes |
| vs. | ) | |
| | ) | |
| HONEYWELL AEROSPACE, a | ) | |
| Division of HONEYWELL INTERNATIONAL, | ) | |
| INC., and HONEYWELL INTERNATIONAL | ) | |
| INC. | ) | |
| Defendants. | ) | |

**AGREED PROTECTIVE ORDER REGARDING
PRODUCTION AND DISCLOSURE OF TRADE SECRET INFORMATION**

WHEREAS, discovery in the above-captioned action has proceeded pursuant to a Protective Order, entered March 16, 2015 (ECF No. 35); and

WHEREAS, Plaintiff Bret Tucker Fanning ("Plaintiff") has requested documents regarding the operation and design of the Enhanced Ground Proximity Warning System ("EGPWS") manufactured by Honeywell International Inc., and said documents contain highly sensitive trade secrets of Honeywell; and

WHEREAS, the parties stipulate that unauthorized release or disclosure of the Honeywell trade secrets contained in the requested documents would constitute a substantial pecuniary harm to Honeywell's business; and

WHEREAS, the Parties hereto have stipulated to the terms and conditions of this Agreed Protective Order (the "Protective Order") through their undersigned counsel; and

WHEREAS, the Court finds that good cause exists under Federal Rule of Civil Procedure 26(c) and applicable local rules and case law for entry of this Protective Order to govern the use and disclosure of documents and other information in the Actions;

**IT IS HEREBY ORDERED:**

1.    <u>Scope and Application of Second Protective Order.</u> This Protective Order shall govern the protocol for production, use, dissemination, and disposition of certain documents requested by Plaintiff that contain Honeywell's highly sensitive trade secrets.  These documents include the following: The Mark V Enhanced Ground Proximity Warning System ("EGPWS") System Requirements Document ("SRD") and System Software Requirements Document ("SSRD"), and any other document that Honeywell designates in good faith as containing highly sensitive trade secret information.

2.    <u>Reservations.</u>

2.1    This Protective Order is not intended to address or govern claims of privilege or work product that may otherwise be asserted by any of the parties.

2.2    This Protective Order does not relieve any party of its obligations to respond to otherwise proper discovery in this case in a timely fashion.

2.3    Nothing contained in this Protective Order, or any action taken pursuant to it, shall waive or impair the right of any party to contest the alleged relevance, admissibility, or discoverability of documents or information sought or produced in discovery.

2.4    This Protective Order shall not preclude any party from seeking or obtaining additional protection or seeking relief from the Protective Order with respect to any documents, materials, data, or information.

2.5     This Protective Order is not intended to provide confidential treatment to motions, briefs, or other court-filed documents that are based generally on information contained in confidential materials, unless such motions, briefs, or court filings make specific reference to Trade Secret Information.

3.     Definitions.

3.1     Trade Secret Information.     For purposes of this protective order only, "Trade Secret Information" shall mean the information contained in the EGPWS SRD and SSRD, and any information designated as containing trade secrets by Honeywell in other designated documents.  In addition, this term shall include any extract, summary, paraphrase, quotation, restatement, compilation, notes, copy, testimony, presentation, or other document containing Trade Secret Information.

3.2     Documents.     As used herein, the term "document" has the broadest possible sense and includes, without limitation, all originals and copies, duplicates, drafts, and recordings of any written, printed, graphic or otherwise recorded or tangible matter, however produced or reproduced, and all writings and recordings of any nature, whether on paper, magnetic tape, electronic storage, or other information storage means, including film, computer memory devices and electronic mail and any other tangible things subject to production under the Federal Rules of Civil Procedure as well as applicable local rules and case law.

4.     Persons Authorized to Access Trade Secret Information. Trade Secret Information may not be disclosed or disseminated to any person except (a) as expressly authorized by this Protective Order, or (b) with the prior written consent of Honeywell, or (c) by Order of the Court.  In addition, access to Trade Secret Information, except those specified in e.-g. below, shall be limited to those individuals who have executed the Confidentiality Acknowledgement

3

set forth as Exhibit A to this Protective Order. Finally, access to Trade Secret Information shall be limited to individuals who have a need to know in connection with this litigation, which includes only the following persons:

a.  Counsel of record in this case;

b.  The party's counsel's legal staff. However, the parties agree to limit disclosure of Trade Secret Information to those staff persons necessary to prosecute or defend this action;

c.  The party's experts, consultants or investigators to whom counsel determine in good faith that disclosure is required to assist in the prosecution, defense, or resolution of this action. However, Plaintiff will provide Honeywell with notice of experts, consultants, or investigators to whom Plaintiff proposes to disclose Trade Secret Information at least 10 days prior to disclosing any Trade Secret Information to said experts, consultants, or investigators. Said list will include the current and past employer of each identified individual, as well as any companies for which each identified individual is providing consulting or contractor services. If any identified individual is currently employed, consulting for or contracted by a competitor of Honeywell's EGPWS business or otherwise represents a potential concern to Honeywell's trade secrets, Honeywell will notify Plaintiff of its objection to said individual within 10 days of receiving Plaintiff's notification. Under no circumstances will Plaintiff be allowed to disclose Trade Secret Information to any expert, consultant or investigator that is currently employed, consulting for or contracted by a competitor of Honeywell's EGPWS business. Otherwise, Honeywell then has 10 days to seek a Court order limiting Plaintiff's right to disclose Trade Secret Information to any other identified expert, consultant or investigator. Plaintiff may not disclose any Trade Secret Information to any such expert, consultant or investigator until the Court has ruled on Honeywell's request to the Court.

d.      Videographers or court reporters retained by the parties or the Court;

e.      The Court and its personnel, including any mediators and/or Special Masters appointed by the Court; and

f.      Any private mediators or arbitrators utilized in this action;

5.      <u>Protocol for Tiered Disclosure of Trade Secret Information</u>. Any production of Trade Secret Information shall be pursuant to the following tiered protocol:

5.1      Honeywell shall produce to Plaintiff a copy of the Table of Contents or other similar summary of the requested document, and Plaintiff shall have 15 days thereafter to designate what portions of the documents that they are requesting along with a good-faith description of how the requested sections are relevant to Plaintiff's case.

5.2      Within 15 days of receiving Plaintiff's designation, Honeywell shall either (1) notify Plaintiff of its objection to producing the requested material and file an appropriate motion with the Court to limit production accordingly; or (2) produce the requested portions of the material for inspection only at its facility in Redmond, Washington.  The inspection shall be a visual only inspection, and no copies shall be made of any Trade Secret Information. Any notes made during said inspection shall be considered Trade Secret Information.

5.3      If Plaintiff's counsel determines that (1) any subsection of the inspected documents are relevant and necessary for the prosecution of Plaintiff's case, (2) the information cannot be obtained from other sources, and (3) counsel needs a copy of the relevant sub-sections, then Plaintiff's counsel shall notify Honeywell of the requested subsections.  Honeywell shall either (1) notify Plaintiff of its objection to producing the requested material and file an appropriate motion with the Court to limit production accordingly; or (2) produce the requested sub-sections to plaintiff in the format described below.

5

6. <u>Production Format.</u>  Any materials produced in accordance with Section 5.3 shall be provided in the following manner:

6.1     Document Format: Any portion of any produced document containing Trade Secret Information shall be bates stamped and marked with the designation "**PROTECTED - SUBJECT TO PROTECTIVE ORDER.**"  The following notice shall be bates stamped and affixed as a cover page to any produced document containing Trade Secret Information:

> **"This document contains highly sensitive trade secret information and is protected from disclosure pursuant to Order of the United States District Court for the Middle District of Tennessee in the matter of *Bret Tucker Fanning v. Honeywell Aerospace, a division of Honeywell International, Inc., and Honeywell International Inc.*, Case No.  3:14-CV-01650.**
>
> **Unauthorized dissemination of this information is prohibited.**
>
> **If you are not an authorized recipient of this information, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this information in error, please immediately notify Adler Murphy & McQuillen LLP, 20 S. Clark St., Suite 2500, Chicago, IL 60603, (312) 345-0700."**

6.2    <u>File Format:</u>   Trade Secret Information will be produced in a password secured Adobe Acrobat format with copy, editing, and print protections enabled.  No party will remove, or attempt to remove, any document protections without written authorization from Honeywell or order of the Court.

6.3    <u>Production Media:</u> Any document production will be provided via USB flash drive secured with BitLocker drive encryption.  A text file containing the hash value for each produced file will also be included on the USB flash drive.  No party will remove, or attempt to remove the encryption scheme from the USB flash drive.  In addition, no party will

remove any file from the USB flash drive, copy any file from the USB flash drive, or otherwise transfer the Trade Secret Information to any other electronic or physical medium, except as necessary to view the document on a computer. Copying is construed in the broadest possible sense, and includes the following: bit-stream imaging, non-bit stream imaging, file duplication, copy/pasting, screen capturing, or printing.

7.     Depositions Involving Trade Secret Information.     Depositions,   or     portions thereof, where Trade Secret Information is discussed shall be designated Trade Secret Information.  Designation of Trade Secret Information may be made on the record at deposition or in writing no later than 30 days after receipt of the final, unsigned deposition transcript.  No persons other than persons authorized to receive access to Trade Secret Information, may attend, review the transcripts of, or view the video records of any portion of a witness deposition during which Trade Secret Information is shown or discussed.  If testimony is designated as Trade Secret Information, the court reporter shall insert a page break in the written record of the deposition, and make the appropriate legend on each page of the deposition transcript where such designated testimony appears.   The cover page of a deposition transcript containing any designated portions shall indicate that it contains portions of testimony subject to this Protective Order.  During the time period between the deposition testimony and the deadline to designate such testimony, the deposition testimony in its entirety shall be designated and treated as Trade Secret Information.

8.     Limitations on Use of Trade Secret Information.     Trade     Secret     Information shall only be used by the parties and their counsel for prosecution and defense of this action, including any appellate proceedings.  Trade Secret Information shall not be used or disseminated in any other case, action, or proceeding.  Trade Secret Information shall not be used for any other

purposes, whatsoever, including without limitation, for commercial, publicity, business, marketing, competitive, or personal purposes without prior approval by Honeywell or order of the Court. Bates numbers, hash numbers, and confidentiality designations placed on a document by Honeywell shall not be removed or altered without prior approval by Honeywell or Order of the Court.

9. <u>Filing or Use of Trade Secret Information as Evidence.</u> Trade Secret Information shall not be filed with the Court except as required in connection with a motion or other matters pending before the Court or as Directed by the Court or ordered by the Court. If filed, such Trade Secret Information shall be filed under seal and shall remain sealed so long as it retains its status as Trade Secret Information. Counsel for each of the parties is responsible for taking reasonable steps to ensure that Trade Secret Information is filed under seal.

Subject to the Federal Rules of Evidence, Trade Secret Information may be offered as evidence at any hearing or trial, subject to any restrictions the Court may order or apply to protect the Trade Secret Information from unauthorized disclosure. Honeywell may move the Court for an order that any evidence designated as Trade Secret Information shall be received at trial *in camera* or under other conditions necessary to prevent disclosure to third parties. Nothing in this Protective Order shall be deemed to waive the right of any party to object to the admission into evidence of any information covered by this Protective Order.

10. <u>Preservation of Confidentiality.</u> Counsel for the parties are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, distribution of, or access to Confidential Information. Counsel for Plaintiff shall promptly notify Honeywell of any unauthorized disclosure or access to such material. This Protective Order is not a waiver or relinquishment of a party's confidentiality claim to any Trade Secret Material.

This Protective Order also shall not abrogate or diminish any privilege or any contractual, statutory, or other legal obligation or right of any party with respect to materials sought or produced in this litigation.

The inadvertent, unintentional or *in camera* disclosure of Trade Secret Information shall not be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

11.    <u>Non-Termination of Confidentiality.</u>    Any information or documents designated as Trade Secret Information pursuant to the terms of this Protective Order shall continue to be treated as such until: (a) Honeywell expressly agrees in writing that the information, documents, testimony, or materials are no longer to be designated Trade Secret Information or (b) the Court orders that the information or documents are not protected from disclosure under this order. Notwithstanding an order by the Court that documents or information previously designated as Trade Secret Information are not confidential under this Protective Order, the parties will continue to treat the information or documents as Trade Secret Information until such time as all appellate remedies have been waived or exhausted. Upon a final non-appealable order by this Court that documents or information previously designated as Trade Secret Information are not confidential under this Protective Order or the Honeywell's agreement in writing that documents or information previously designated as Trade Secret Information no longer constitute Trade Secret Information, Honeywell shall reproduce the document or information at issue without any the designation set forth in Paragraph 6.1 and with a bates or hash number different from the document or information originally designated as Trade Secret Information.

The obligations and protections imposed by this Protective Order shall continue beyond the conclusion of this action, including any appellate proceedings, or until the Court orders otherwise.

12. <u>Disposition of Trade Secret Information.</u>   Within sixty (60) days after final conclusion of this action, including any appellate proceedings, Trade Secret Information (other than exhibits made of record with the Court) and all copies thereof (including electronic copies) shall be returned to Honeywell or, at the sole option of Honeywell, shall be destroyed.

Each person who has been permitted access to Trade Secret Information as set forth in paragraph 4 shall sign a copy of the "Certificate of Compliance," within 90 days after final conclusion of this action indicated that they have fully complied with the terms of this Protective Order and which is attached to the Protective Order as "Exhibit B."

Counsel for Plaintiff shall provide written notice of compliance with this provision and shall deliver the notice to counsel for Honeywell within 120 days after final conclusion of this action, including all appellate proceedings. Said notice of compliance will state the names of all individuals, including all consulting-only expert witnesses, who have been permitted access to Trade Secret Information and shall attach a signed Confidentiality Acknowledgment and Certificates of Compliance for each identified individual.

13. <u>Modification of Protective Order.</u>   Any party may petition the Court, on reasonable notice to all other parties, for a modification of the terms of this Protective Order. The Court shall have continuing jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this Protective Order, notwithstanding the final termination or conclusion of this action.

10

IT IS SO ORDERED:

Dated:_____

_____
JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

BRET TUCKER FANNING,                          )
Individually and as the Surviving Spouse      )
And Next of Kin of Shanda Fanning,            )
     Plaintiff,        )
                              )    Case No.:  3:14-CV-01650
                              )    Judge Haynes
vs.                                           )
                              )
HONEYWELL AEROSPACE, a                        )
Division of HONEYWELL INTERNATIONAL,          )
INC., and HONEYWELL INTERNATIONAL             )
INC.                                          )
     Defendants.       )

### EXHIBIT A TO PROTECTIVE ORDER:
### CONFIDENTIALITY ACKNOWLEDGEMENT

The undersigned hereby acknowledges and agrees:

1.    I am aware that a Protective Order has been entered in the above-captioned action.  I have had the opportunity to read the Protective Order and understand that my willful disclosure of Trade Secret Information may constitute contempt of court and may be grounds for sanctions and/or penalties, including costs related to enforcement of this Protective Order, and agree to submit to this Court's jurisdiction for purposes of enforcement of the Protective Order.

2.    I agree to comply with the requirements set forth in this Protective Order regarding Trade Secret Information.

3.    I certify that I am not an employee, independent contractor, agent, consultant, or otherwise affiliated with any company that designs, manufactures, sells, or otherwise receives profit for any Ground Proximity Warning System, Terrain Awareness Warning System, or other device manufactured pursuant to FAA TSO C92c and/or TSO C151.

4.      I will not disclose or discuss any Trade Secret Information with any persons except those persons specifically listed in this Protective Order under the procedures herein specified.

5.      I or my employer have adequate procedures to ensure that Trade Secret Information is not disclosed or discussed with any persons except those specifically listed in this Protective Order under the procedures herein specified.

6.      If I intentionally or unintentionally cause any Trade Secret Information to be disseminated, used, or obtained by any person other than those specifically listed in this Protective Order, I agree that I will reimburse Honeywell for any damages that it suffers as a result of the loss and/or misuse of the Trade Secret Information.  Said reimbursement includes legal fees, attorney's fees, lost profits, and the fair market value of any lost intellectual property.

7.      I agree that, within sixty (60) days after final conclusion of this action, including any appellate proceedings, I will return all Trade Secret Information and all copies thereof (including electronic copies) within my control or possession to Honeywell's counsel at 20 S. Clark St., Suite 2500, Chicago, IL 60603.  In addition, I will return a signed Certificate of Compliance, set forth as Exhibit B to this Protective Order.


Name: _____

Employer:_____

Signature: _____       Dated: _____

Address: _____

Telephone No.: _____


13

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

BRET TUCKER FANNING,                        )
Individually and as the Surviving Spouse    )
And Next of Kin of Shanda Fanning,          )
     Plaintiff,   )
                                        )   Case No.:  3:14-CV-01650
                                        )   Judge Haynes
vs.                                         )
                                        )
HONEYWELL AEROSPACE, a                      )
Division of HONEYWELL INTERNATIONAL,        )
INC., and HONEYWELL INTERNATIONAL           )
INC.                                        )
     Defendants. )

## EXHIBIT B TO PROTECTIVE ORDER:
## CERTIFICATE OF COMPLIANCE

     The undersigned hereby acknowledges, agrees, and certifies:

1.     I am aware that a Protective Order has been entered in the above-captioned action.  I have had the opportunity to read the Protective Order and understand that my willful disclosure of Trade Secret Information may constitute contempt of court and may be grounds for sanctions and/or penalties, including costs related to enforcement of this Protective Order, and agree to submit to this Court's jurisdiction for purposes of enforcement of the Protective Order.

2.     I have previously agreed to comply with the requirements set forth in this Protective Order regarding Trade Secret Information.

3.     I (___have / ___have not) received documents containing Trade Secret Information as defined by this Protective Order.

4.     I have not disclosed or discussed any Trade Secret Information with any persons except those persons specifically listed in this Protective Order under the procedures herein specified.

14

5.      I have employed adequate procedures to ensure that Trade Secret Information was not disclosed or discussed with any persons except those specifically listed in this Protective Order.

6.      I have returned all Trade Secret Information in my possession or control to Honeywell's counsel at 20 S. Clark St., Suite 2500, Chicago, IL 60603.

7.      I have otherwise complied with the terms of this Protective Order.


Name: _____

Signature: _____      Dated: _____

Address: _____

Telephone No.: _____