IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRET TUCKER FANNING )
)
v. ) NO. 3-14-1650
) JUDGE CAMPBELL
HONEYWELL AEROSPACE )

ORDER

Pending before the Court is Defendant Honeywell International Inc.'s Motion for Review (Docket No. 74) of the Magistrate Judge's June 30, 2016 Order (Docket No. 69).

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, the Court may reverse or modify the ruling of the Magistrate Judge only if it is clearly erroneous or contrary to law. The Court has reviewed Plaintiffs' Motion for Review, Defendant's Response, Plaintiffs' Reply, the Magistrate Judge's Order and the file. For the reasons stated herein, Defendant's Motion for Review (Docket No. 74), and the Order of the Magistrate Judge (Docket No. 69) is AFFIRMED.

Defendant challenges the portion of the Magistrate Judge's Order in which he granted Plaintiff's Motion to Compel (Docket No. 44), ordering Defendant to produce "the SRD, SDRD, and source codes for Modes I and 2B, FLTA, and TCF associated with the 212 system which was installed on UPS Flight 1354 at the time of the events that gave rise to this action." Docket No. 69.

Defendant argues that the Magistrate Judge failed to apply the heightened standard required when a party seeks discovery of trade secrets. Defendant contends that Plaintiff has failed to show that this discovery is "relevant and necessary" to his case. In addition, Defendant alleges that even if the requested material were relevant and necessary, the potential harm to Defendant outweighs any speculative interests in using the requested information.

The parties do not dispute that the information requested by Plaintiff contains Defendant's proprietary and sensitive trade secrets. The Federal Rules of Civil Procedure permit a district court to require that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way. Fed. R. Civ. P. 26(c)(1)(G). It is within the sound discretion of the trial court to decide whether trade secrets are relevant and whether the need outweighs the harm of disclosure. *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 269 (6th Cir. 2010). Likewise, if the trade secrets are deemed relevant and necessary, the appropriate safeguards that should attend their disclosure by means of a protective order are also a matter within the trial court's discretion. *Id.*

The party seeking discovery of the confidential information bears the burden of showing that it is relevant to the issues in the action. *Federal Trade Comm'n. v. Chemence, Inc.*, 2016 WL 3960492 at * 2 (N. D. Ohio July 19, 2016). Mere relevance, however, is not sufficient to compel disclosure of trade secrets. *Dow Corning Corp. v. JIE XIAO*, 283 F.R.D. 353, 354 (E.D. Mich. 2012). The moving party must show the information sought is both relevant and necessary. *Id*. The court must also balance whether the need outweighs the harm of disclosure. *Id*.

The evaluation of necessity should include consideration of all pertinent circumstances, including dangers of abuse and harm to the party resisting discovery, good faith, availability of other means of proof, and whether the issues can be fairly adjudicated without the information. *Evercom System, Inc. v. Combined Public Communications, Inc.*, 2012 WL 3555314 at * 4 (W.D. Ky. Aug. 16, 2012) (citing Miller and Wright, *Federal Practice and Procedure* § 2043). If proof of relevancy or need is not established or if discovery would nonetheless be unreasonable or unduly injurious, discovery should be denied. *Id.*

2


The Court finds that the Magistrate Judge properly weighed the "pertinent circumstances" and determined that the requested discovery is "essential" to determining whether Defendant is liable for the crash of UPS Flight 1354. The Magistrate Judge also found that Plaintiff's access to this information is available only from Defendant and no other sources. The Magistrate Judge applied the proper standard of "relevant and necessary," even if he did not use those particular words. He stated that the requested information is important to the issues in the case (relevant) and that the requested information is essential (necessary) to determining liability herein.

The fact that Defendant offers to stipulate certain facts does not persuade the Court that the Magistrate Judge's Order is clearly erroneous or contrary to law. Plaintiff is entitled to prove his case, and Defendant cannot unilaterally stipulate away Plaintiff's proof.

Defendant contends that the Magistrate Judge did not weigh the competing interests of need for the discovery versus the harm of disclosure. The Magistrate Judge's Order states that "the burden and/or expense of providing the requested discovery does not outweigh the likely benefit of that discovery," but it does not expressly state that the need outweighs the harm.

Obviously, the inherent value of trade secrets would be lost if they were inappropriately disclosed. The Court finds that the Magistrate Judge can fashion a Protective Order to sufficiently protect the trade secrets involved herein, provide for disclosure to only a very few people, and protect against the inadvertent disclosure or use of the confidential information. To the extent the Magistrate Judge did not balance these competing interests, the Court finds that the need outweighs the harm under these circumstances.

The Court finds that the Magistrate Judge's failure to adopt Plaintiff's suggestion concerning a "bifurcated" production is not clearly erroneous or contrary to law. The particular parameters of

the Agreed Enhanced Protective Order to be submitted by the parties shall be defined by the Magistrate Judge in keeping with this Order.

## CONCLUSION

For these reasons, the Court finds that Defendant has not carried its burden to show that the Magistrate Judge's Order (Docket No. 69) is clearly erroneous or contrary to law. The Order of the Magistrate Judge is AFFIRMED.

Production of the requested discovery is stayed, pending entry of a Protective Order by the Magistrate Judge.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

4