**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| BRET TUCKER FANNING, Individually and as the Surviving Spouse And Next of Kin of Shanda Fanning, Plaintiff, vs. HONEYWELL AEROSPACE, a Division of HONEYWELL INTERNATIONAL, INC., and HONEYWELL INTERNATIONAL INC. Defendants. | Case No.: 3:14-CV-01650 Judge Haynes |

## AGREED PROTECTIVE ORDER REGARDING PRODUCTION AND DISCLOSURE OF SOFTWARE REQUIREMENTS DOCUMENTS ~~AND SOFTWARE SOURCE CODE~~

WHEREAS, discovery in the above-captioned action has proceeded pursuant to a Protective Order, entered March 16, 2015 (ECF No. 35); and

WHEREAS, Plaintiff Bret Tucker Fanning ("Plaintiff") has requested the production of the System Requirements Document ("SRD")~~,~~ and Software Design Requirements Document ("SDRD") ~~and Software Source Code~~ for the Enhanced Ground Proximity Warning System ("EGPWS") with -212 version software manufactured by Honeywell International Inc. ("Honeywell") that ~~is the~~was installed on the subject aircraft~~of this lawsuit~~, and is claimed to ~~which~~ contains highly sensitive trade secrets by~~of~~ Honeywell; and

WHEREAS, Plaintiff agrees to stipulate that unauthorized release or disclosure of the Honeywell trade secrets contained in the requested SRD~~,~~ and SDRD~~, and Software Source Code~~ c~~w~~ould constitute a ~~substantial~~ pecuniary harm to Honeywell's business; and

WHEREAS, the Court has ordered Honeywell to produce ~~at a Honeywell facility~~ the sections of the SRD~~,~~ and SDRD ~~and Software Source Code for~~relevant to the function of Modes

1 and 2B, Forward Looking Terrain Avoidance (FLTA), and Terrain Clearance Floor (TCF) associated with the -212 system which was installed on UPS Flight 1354 at the time of the events that gave rise to this action (ECF Nos. 69; 92), good cause having been found to exist under Federal Rule of Civil Procedure 26(c) and applicable local rules and case law for entry of this Protective Order to govern the use and disclosure of the aforementioned sections of the SRD and, SDRD~~, and Software Source Code~~ in this action;

**IT IS HEREBY ORDERED:**

1. <u>Scope and Application of Second Protective Order.</u> This Protective Order shall govern the protocol for production, use, dissemination, and disposition of the sections of the SRD and, SDRD~~, and Software Source Code~~ <u>relevant to the function of</u>~~for~~ Modes 1 and 2B, Forward Looking Terrain Avoidance (FLTA), and Terrain Clearance Floor (TCF) associated with the -212 system which was installed on UPS Flight 1354 at the time of the events that gave rise to this action~~, the Court ordered Honeywell to produce in its Order dated June 30, 2016 (Doc. No. 69) as modified in its Order dated August 17, 2016 (Doc. No. 92)~~. Hereinafter, when the term "SRD and, SDRD~~, and/or Software Source Code~~" is used, it is understood and agreed the term means only the sections of the SRD and, SDRD~~, and Software Source Code~~ <u>relevant to the function of</u>~~for~~ Modes 1 and 2B, Forward Looking Terrain Avoidance (FLTA), and Terrain Clearance Floor (TCF) associated with the -212 system which was installed on UPS Flight 1354 at the time of the events that gave rise to this action, that the Court ordered Honeywell to produce in its Order dated June 30, 2016 (Doc. No. 69). Further production of sections of the SRD and, SDRD ~~and Software Source Code~~ only will occur pursuant to the agreement of the parties or further order of the Court.

2. <u>Reservations.</u> This Protective Order is not intended to require confidential treatment to motions, briefs, or other court-filed documents that are based generally on information contained in confidential materials, unless such motions, briefs, or court filings make specific reference to the contents of the SRD <u>and,</u> SDRD<s>, and/or Software Source Code</s>.

3. <u>Definitions.</u>

<s>3.1 Software Source Code. For purposes of this protective order only, "Software Source Code" shall mean the sections of the software source code for Modes 1 and 2B, Forward Looking Terrain Avoidance (FLTA), and Terrain Clearance Floor (TCF) associated with the -212 system which was installed on UPS Flight 1354 at the time of the events that gave rise to this action and any attendant information produced by Honeywell pursuant to this order. In addition, this term shall include any extract, summary, paraphrase, quotation, restatement, compilation, notes, copy, testimony, presentation, or other document containing information from the Software Source Code and attendant information.</s>

3.2 <u>SRD.</u> For the purposes of this protective order only, SRD shall mean the sections of the System Requirements Document <s>for</s><u>relevant to the function of</u> Modes 1 and 2B, Forward Looking Terrain Avoidance (FLTA), and Terrain Clearance Floor (TCF) associated with the -212 system which was installed on UPS Flight 1354 at the time of the events that gave rise to this action. In addition, this term shall include any extract, summary, paraphrase, quotation, restatement, compilation, notes, copy, testimony, presentation, or other document containing information from the System Requirements Document and attendant information.

3.3. <u>SDRD.</u> For the purposes of this protective order only, SDRD shall mean sections of the Software Design Requirements Document <s>(SDRD)</s> <s>for</s><u>relevant to the function of</u> Modes 1 and 2B, <s>Forward Looking Terrain Avoidance</s> (FLTA), and <s>Terrain Clearance Floor</s>

3

(TCF) associated with the -212 system which was installed on UPS Flight 1354 at the time of the events that gave rise to this action. In addition, this term shall include any extract, summary, paraphrase, quotation, restatement, compilation, notes, copy, testimony, presentation, or other document containing information from the Software Design Requirements Document and attendant information.

<u>3.4 Terrain Information. For the purposes of this protective order only, Terrain Information shall mean the height and lateral limits for each terrain cell within 5 nm of KBHM, as well as within 5 nm of the airport on any other flight profile Plaintiff wishes to test in accordance with section 6.3 below, in Honeywell's terrain database version 467, installed in the Subject EGPWS at the time of the Subject Crash.</u>

4. Persons Authorized to Access the SRD, and SDRD, ~~and Software Source Code~~. The SRD, SDRD <u>and Terrain Information</u>, ~~and Software Source Code~~ may not be disclosed or disseminated to any person except (a) as expressly authorized by this Protective Order, or (b) with the prior written consent of Honeywell, or (c) by Order of the Court. In addition, access to the SRD, SDRD <u>and Terrain Information</u> ~~and Software Source Code~~, except those specified in e. and f. below, shall be limited to those individuals who have executed the Confidentiality Acknowledgement set forth as Exhibit A to this Protective Order. Finally, access to the SRD, SDRD, ~~and Software Source Code~~ <u>and Terrain Information</u> shall be limited to individuals who have a need to know in connection with this litigation, which includes only the following persons:

    a. Counsel of record in this case;

4

b. The party's counsel's legal staff. However, the parties agree to limit disclosure of the SRD, SDRD and Software Source Code to those staff persons necessary to prosecute or defend this action;

c. The party's experts, consultants or investigators to whom counsel determine in good faith that disclosure is required to assist in the prosecution, defense, or resolution of this action. However, Plaintiff's counsel shall disclose to Honeywell the identity and up-to-date CV of any expert or consultant, along with a list of any companies for which each identified individual is providing consulting or contractor services, who will be given access to the SRD, SDRD and/or Terrain Information ~~and/or Software Source Code~~ materials disclosed pursuant to this Protective Order fourteen (14) days prior to any disclosure of the SRD, SDRD and/or Terrain Information~~, or Software Source Code~~ pursuant to this order. Any objection to any individual expert or consultant on the grounds that they are currently employed, consulting for or contracted by a competitor of Honeywell's EGPWS business or otherwise represents a potential concern to Honeywell's trade secrets, must be made to Plaintiff's counsel within ten (5~~10~~) days of the identification of the individual. If Honeywell objects to the identification of any expert, consultant or investigator it then has ten (10) days from the date of objection to seek a Court order limiting Plaintiff's right to disclose the SRD, SDRD ~~and/or Software Source Code~~ and/or Terrain Information to the identified expert, consultant or investigator. In the event Honeywell has registered an objection, Plaintiff's counsel may not disclose any SRD, SDRD and/or Terrain Information~~, and/or Software Source Code~~ to any such objected-to expert, consultant or investigator until the Court has ruled on Honeywell's request to the Court.

d. Videographers or court reporters retained by the parties or the Court;

5

e. The Court and its personnel, including any mediators and/or Special Masters appointed by the Court; and

f. Any private mediators or arbitrators utilized in this action.

6. <u>Production Format.</u> The SRD, ~~and~~ SDRD <u>and Terrain Information</u>, ~~and Software Source Code~~ produced in accordance with this Order shall be provided in the following manner ~~in a conference room, on a stand-alone computer, at Honeywell's facility in Redmond, Washington~~:

    6.1 <u>Production and Inspection of SRD and SDRD.</u>

    a. <u>File Format:</u> The SRD and SDRD will be produced for inspection ~~on a stand-alone computer in a conference room at Honeywell's facility in Redmond, Washington~~ <u>in a text-searchable, copiable, and password-secured</u> Adobe Acrobat format. <u>The Terrain Information will be produced in a readable, copiable and/or editable comma separate value (.csv) file format, or any other similar file format agreed to by the parties.</u> No party will remove, or attempt to remove, any document protections without written authorization from Honeywell or order of the Court. ~~No material may be copied on electronic media, including photographs. No material may be printed without the agreement of Honeywell or further order of the Court.~~

    b. In the event ~~Honeywell agrees to print any pages of the SRD or SDRD for production to Plaintiff, or the Court orders~~ any <u>portion or</u> pages of the SRD<u>,</u> SDRD <u>or Terrain Information are</u> printed, the pages of the SRD and SDRD shall be bates stamped and marked with the designation "**PROTECTED - SUBJECT TO PROTECTIVE ORDER.**" The following notice shall be ~~bates stamped and~~ affixed as a cover page to any produced document containing Trade Secret Information:

> "**This document contains highly sensitive trade secret information and is protected from disclosure pursuant to**

6

Order of the United States District Court for the Middle District of Tennessee in the matter of *Bret Tucker Fanning v. Honeywell Aerospace, a division of Honeywell International, Inc., and Honeywell International Inc.*, Case No. 3:14-CV-01650.

**Unauthorized dissemination of this information is prohibited.**

**If you are not an authorized recipient of this information, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this information in error, please immediately notify Adler Murphy & McQuillen LLP, 20 S. Clark St., Suite 2500, Chicago, IL 60603, (312) 345-0700."**

c. Plaintiff's counsel and Plaintiff's expert may take notes ~~during their inspection of~~ relating to the SRD, ~~and~~ SDRD or Terrain Information, and those notes shall be returned to Honeywell or destroyed at the conclusion of the litigation.

d. Further production of sections of the SRD, ~~and~~ SDRD and/or Terrain Information only will occur pursuant to the agreement of the parties or further order of the Court.

6.~~3~~2 <u>Production, Inspection and Simulation of Flight Profiles Based on Changes to Requirements and Terrain Information</u>~~Use of Software Source Code~~.

a. ~~Honeywell will make available the Software Source Code for inspection by placing the sections of the Software Source Code for Modes 1 and 2B, Forward Looking Terrain Avoidance (FLTA), and Terrain Clearance Floor (TCF) associated with the -212 system which was installed on UPS Flight 1354 at the time of the events that gave rise to this action in the format in which it was created and maintained by the producing party, on a stand-alone computer in a conference room at Honeywell's facility in Redmond, Washington. No party will remove, or attempt to remove, any document protections without written authorization from~~

7

~~Honeywell or order of the Court. No material may be copied on electronic media, including photographs.~~ ~~No material may be printed without the agreement of Honeywell or further order of the Court.~~

~~b. In the event Honeywell agrees to print any parts of the Software Source Code for production to Plaintiff, or the Court orders any parts of the Software Source Code are printed, the pages on which the parts of the Software Source Code are printed shall be bates-stamped and marked with the designation **"PROTECTED - SUBJECT TO PROTECTIVE ORDER."** The following notice shall be bates-stamped and affixed as a cover page to any produced document containing Trade Secret Information:~~

~~"This document contains highly sensitive trade secret information and is protected from disclosure pursuant to Order of the United States District Court for the Middle District of Tennessee in the matter of *Bret Tucker Fanning v. Honeywell Aerospace, a division of Honeywell International, Inc., and Honeywell International Inc.*, Case No. 3:14-CV-01650.~~

~~Unauthorized dissemination of this information is prohibited.~~

~~If you are not an authorized recipient of this information, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this information in error, please immediately notify Adler Murphy & McQuillen LLP, 20 S. Clark St., Suite 2500, Chicago, IL 60603, (312) 345-0700."~~

8

~~c. Plaintiff's counsel and Plaintiff's expert may take notes during their inspection of the Software Source Code, and those notes shall be returned to Honeywell or destroyed at the conclusion of the litigation.~~

~~d. Further production of sections of the Software Source Code only will occur pursuant to the agreement of the parties or further order of the Court.~~

~~e. All produced materials that exist in textual form shall be produced in the original form in which they were created and maintained by the producing party.~~

~~f.~~ Plaintiff's expert will tell Honeywell what changes to make to the ~~Software~~ <u>requirements and parameters set forth in the SRD and/or SDRD (e.g., modification of any filtering and/or processing of data, and/or altering the parameters of any "cutoff" distance or altitude)</u>~~Source Code, and~~ Honeywell will ~~make those changes~~<u>make the changes to the -212 software necessary to implement requirements and parameters specified by Plaintiff's expert so as to result in an executable version of the source code. The changes implemented in the -212 source code file shall be called -212-SBT (for special Birmingham test), -212-SBT-1, -212-SBT-2, etc. Honeywell shall allow Plaintiff's expert and counsel to review the changes to the source code in each new source code file. Honeywell shall demonstrate to Plaintiff's expert and counsel the correctness and completeness of the source code changes.</u>~~By "changes", it is meant that the Plaintiff's expert will tell Honeywell specifically how the text of the Software Source Code should be edited, including deletions, edits or additions. Sections of Software Source Code that is changed will be documented by printing that section before and after the changes, and those printed pages will be held by Honeywell.~~ Tracked changes or a software tracking tool may be used if available to track the changes to the Software Source Code.

9

b~~g~~. Honeywell will take the modified ~~Software~~ -212-SBT ~~S~~source ~~C~~code file(s) and compile ~~it~~them with the other parts of the complete -212 EGPWS software source code to create an executable version of the modified -212 EGPWS software and load it onto an EGPWC. Honeywell will ~~not~~ be responsible to ensure that the modified Software Source Code functions as an executable version of the modified -212 EGPWS software.

<u>c.     If required, Plaintiff's expert will tell Honeywell what changes to make to terrain cells in the version 467 terrain database.  Honeywell will make the changes necessary to implement the changes requested by Plaintiff's expert.  The changes implemented in the version 467 terrain database file shall be called v467-SBT (for special Birmingham test).  Honeywell shall allow Plaintiff's expert and counsel to review the changes to the terrain database file. Honeywell shall demonstrate to Plaintiff's expert and counsel the correctness and completeness of the terrain database changes.  Tracked changes or a software tracking tool may be used if available to track the changes to the Software Source Code.</u>

<u>d.     Honeywell will take the modified v467-SBT terrain database file with any other parts necessary to create an executable version of the modified v467 terrain database software and load it onto a database card or other media necessary to run it on an EGPWC. Honeywell will be responsible to ensure that the modified terrain database information functions as an executable version of the modified terrain database software and the modified and unmodified software source code.</u>

~~h~~e. Honeywell will run a flight profile tests using the downloaded data from the EGPWC from the subject accident on an EGPWC with unmodified -212 software using Honeywell's Batch Oriented Simulation System equipment.

10

f~~i~~.  Honeywell will run flight profiles on the EGPWC with the modified -212-SBT software as requested by Plaintiff's expert using Honeywell's Batch Oriented Simulation System equipment. Such flight profiles may include using the downloaded data from the EGPWC from the subject accident, as well as the information used by Honeywell to simulate other flight profiles used in EGWPS software certification process and EGPWS software development process. Other flight profiles may be requested by Plaintiff's expert, and Honeywell will take all reasonable steps to run such flight profiles using the available equipment and capabilities of its Batch Oriented Simulation System equipment. If Honeywell is not able to comply with any requests of Plaintiff's expert, it will explain the reasons.

g~~j~~.  Honeywell will provide Plaintiff with the results of running the flight profiles in a format available from Honeywell's Batch Oriented Simulation System equipment, readable by equipment available to Plaintiff's expert outside of Honeywell's facility, and agreeable to the parties at the time any such flight profiles are run.

~~k.  The activities set forth in Paragraphs 6.2.f. through 6.2.j are limited to two business days, unless the parties agree to additional time or the Court orders additional time.~~

7.  Depositions Involving SRD, SDRD and Terrain Information~~, and/or Software Source Code~~. Depositions, or portions thereof, where the SRD, SDRD and Terrain Information~~, and/or Software Source Code~~ is discussed shall be designated confidential pursuant to this Order. Designation of confidentiality may be made on the record at deposition or in writing no later than thirty (15~~30~~) days after receipt of the final, unsigned deposition transcript. No persons other than persons authorized to receive access to the SRD, SDRD and Terrain Information~~, and/or Software Source Code~~, may attend, review the transcripts of, or view the video records of any portion of a witness deposition during which ~~Software Source Code is~~ such information is shown

11

or discussed. If testimony is designated as confidential pursuant to this Order, the court reporter shall insert a page break in the written record of the deposition, and make the appropriate legend on each page of the deposition transcript where such designated testimony appears. The cover page of a deposition transcript containing any designated portions shall indicate that it contains portions of testimony subject to this Protective Order. During the time period between the deposition testimony and the deadline to designate such testimony, the deposition testimony in its entirety shall be designated and treated as SRD, SDRD <u>and Terrain Information</u> ~~and/or Software Source Code~~.

       8.    <u>Limitations on Use of the SRD, SDRD and/or Terrain Information</u>~~, and/or Software Source Code~~. The SRD, SDRD~~, and/or Software Source Code~~ and/or Terrain Information shall only be used by the parties and their counsel for prosecution and defense of this action, including any appellate proceedings. The SRD, SDRD <u>and/or Terrain Information</u>~~, and/or Software Source Code~~ shall not be used or disseminated in any other case, action, or proceeding.

       9.    <u>Filing or Use of the SRD, SDRD</u>~~, and/or Software Source Code~~ <u>and/or Terrain Information as Evidence.</u> The SRD, SDRD <u>and/or Terrain Information</u>~~, and/or Software Source Code~~ ~~shall not~~<u>may</u> be filed with the Court ~~except~~ as required in connection with a motion or other matters pending before the Court or as Directed by the Court or ordered by the Court. If filed, any portion of the SRD, SDRD <u>and/or Terrain Information</u>~~, and/or Software Source Code~~ shall be filed under seal and shall remain sealed so long as it retains its status as SRD, SDRD <u>and/or Terrain Information</u> ~~and/or Software Source Code~~. Counsel for each of the parties is responsible for taking reasonable steps to ensure that SRD, SDRD <u>and/or Terrain Information</u> ~~and/or Software Source Code~~ is filed under seal.

Subject to the Federal Rules of Evidence, the SRD, SDRD~~, and/or Software Source Code~~ and/or Terrain Information may be offered as evidence at any hearing or trial, subject to any restrictions the Court may order or apply to protect the SRD, SDRD~~, and/or Software Source Code~~ and/or Terrain Information from unauthorized disclosure. Honeywell may move the Court or an order that any evidence designated as the SRD, SDRD~~, and/or Software Source Code~~ and/or Terrain Information shall be received at trial *in camera* or under other conditions necessary to prevent disclosure to third parties. Nothing in this Protective Order shall be deemed to waive the right of any party to object to the admission into evidence of any information covered by this Protective Order.

10. <u>Preservation of Confidentiality.</u> Counsel for the parties are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, distribution of, or access to Confidential Information. Counsel for Plaintiff shall promptly notify Honeywell of any unauthorized disclosure or access to such material. This Protective Order is not a waiver or relinquishment of a party's confidentiality claim to any Trade Secret Material. This Protective Order also shall not abrogate or diminish any privilege or any contractual, statutory, or other legal obligation or right of any party with respect to materials sought or produced in this litigation.

The inadvertent, unintentional or *in camera* disclosure of SRD, SDRD~~, and/or Software Source Code~~ and Terrain Information shall not be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

11. <u>Non-Termination of Confidentiality.</u> Any information or documents designated as confidential pursuant to the terms of this Protective Order shall continue to be treated as such until: (a) Honeywell expressly agrees in writing that the information, documents,

testimony, or materials are no longer to be designated as such or (b) the Court orders that the information or documents are not protected from disclosure under this order. The obligations and protections imposed by this Protective Order shall continue beyond the conclusion of this action, including any appellate proceedings, or until the Court orders otherwise.

12. <u>Disposition of SRD, SDRD and Terrain Information~~, and Software Source Code~~</u>. Within sixty (60) days after final conclusion of this action, including any appellate proceedings, ~~at Honeywell's request,~~ the SRD, SDRD, and/or Software Source Code (other than exhibits made of record with the Court) and all copies thereof (including electronic copies) shall be returned to Honeywell or~~, at the sole option of Honeywell,~~ shall be destroyed.

At Honeywell's request, each person who has been permitted access to the SRD, SDRD, and/or Software Source Code as set forth in paragraph 4 shall sign a copy of the "Certificate of Compliance," within ninety (90) days after final conclusion of this action indicated that they have fully complied with the terms of this Protective Order and which is attached to the Protective Order as "Exhibit B."

Counsel for Plaintiff shall provide written notice of compliance with this provision and shall deliver the notice to counsel for Honeywell within one hundred twenty (120) days after final conclusion of this action, including all appellate proceedings. Said notice of compliance will state the names of all individuals, including all consulting-only expert witnesses, who have been permitted access to the SRD, SDRD and Terrain Information~~, and/or Software Source Code~~ and shall attach a signed Confidentiality Acknowledgment and Certificates of Compliance for each identified individual.

13. <u>Modification of Protective Order.</u> Any party may petition the Court, on reasonable notice to all other parties, for a modification of the terms of this Protective Order.

14

The Court shall have continuing jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this Protective Order, notwithstanding the final termination or conclusion of this action.

IT IS SO ORDERED:

Dated:_____

                                                                                    JOSEPH BROWN
                                                                                    United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

BRET TUCKER FANNING, )
Individually and as the Surviving Spouse )
And Next of Kin of Shanda Fanning, )
    Plaintiff, )
) Case No.: 3:14-CV-01650
) Judge Haynes
vs. )
)
HONEYWELL AEROSPACE, a )
Division of HONEYWELL INTERNATIONAL, )
INC., and HONEYWELL INTERNATIONAL )
INC. )
    Defendants. )

## EXHIBIT A TO PROTECTIVE ORDER: CONFIDENTIALITY ACKNOWLEDGEMENT

The undersigned hereby acknowledges and agrees:

1. I am aware that a Protective Order has been entered in the above-captioned action. I have had the opportunity to read the Protective Order and understand that my willful disclosure of the SRD, SDRD~~, and/or Software Source Code~~ and/or Terrain Information may constitute contempt of court and may be grounds for sanctions and/or penalties, including costs related to enforcement of this Protective Order, and agree to submit to this Court's jurisdiction for purposes of enforcement of the Protective Order.

2. I agree to comply with the requirements set forth in this Protective Order regarding the SRD, SDRD and/or Terrain Information~~, and/or Software Source Code~~.

3. I will not disclose or discuss the SRD, SDRD and/or Terrain Information~~, and/or Software Source Code~~ with any persons except those persons specifically listed in this Protective Order under the procedures herein specified.

16

4. I or my employer have adequate procedures to ensure that the SRD, SDRD, and/or Software Source Code and/or Terrain Information is not disclosed or discussed with any persons except those specifically listed in this Protective Order under the procedures herein specified.

5. If I intentionally cause the SRD, SDRD, and/or Software Source Code and/or Terrain Information to be disseminated, used, or obtained by any person other than those specifically listed in this Protective Order, I agree that I will reimburse Honeywell for any damages that it suffers as a result of the loss and/or misuse of the SRD, SDRD and/or Terrain Information and/or Software Source Code. Said reimbursement includes legal fees, attorney's fees, lost profits, and the fair market value of any lost intellectual property.

6. I agree that, within sixty (60) days after final conclusion of this action, including any appellate proceedings, I will return or destroy all the SRD, SDRD and/or Terrain Information and/or Software Source Code and all copies thereof (including electronic copies) within my control or possession to Honeywell's counsel at 20 S. Clark St., Suite 2500, Chicago, IL 60603. In addition, I will return a signed Certificate of Compliance, set forth as Exhibit B to this Protective Order.

Name: _____

Employer: _____

Signature: _____  Dated: _____

Address: _____

Telephone No.: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

BRET TUCKER FANNING, )
Individually and as the Surviving Spouse )
And Next of Kin of Shanda Fanning, )
    Plaintiff, )
     )
     ) Case No.: 3:14-CV-01650
     ) Judge Haynes
vs. )
     )
HONEYWELL AEROSPACE, a )
Division of HONEYWELL INTERNATIONAL, )
INC., and HONEYWELL INTERNATIONAL )
INC. )
    Defendants. )

## EXHIBIT B TO PROTECTIVE ORDER:
## CERTIFICATE OF COMPLIANCE

The undersigned hereby acknowledges, agrees, and certifies:

1. I am aware that a Protective Order has been entered in the above-captioned action. I have had the opportunity to read the Protective Order and understand that my willful disclosure of the SRD, SDRD and/or Terrain Information, ~~and/or Software Source Code~~ may constitute contempt of court and may be grounds for sanctions and/or penalties, including costs related to enforcement of this Protective Order, and agree to submit to this Court's jurisdiction for purposes of enforcement of the Protective Order.

2. I have previously agreed to comply with the requirements set forth in this Protective Order regarding the SRD, SDRD and/or Terrain Information ~~and/or Software Source Code~~.

3. I (___ have / ___ have not) received documents containing the SRD, SDRD and/or Terrain Information ~~and/or Software Source Code~~ as defined by this Protective Order.

18

4. I have not disclosed or discussed the SRD, SDRD, ~~and/or Software Source Code~~ and/or Terrain Information with any persons except those persons specifically listed in this Protective Order under the procedures herein specified.

5. I have employed adequate procedures to ensure that the SRD, SDRD, ~~and/or Software Source Code~~ and/or Terrain Information was not disclosed or discussed with any persons except those specifically listed in this Protective Order.

6. I have ~~at Honeywell's request,~~ either destroyed all copies of the SRD, SDRD, ~~and/or Software Source Code~~ and/or Terrain Information in my possession, or returned all copies of the SRD, SDRD, ~~and/or Software Source Code~~ and/or Terrain Information in my possession or control to Honeywell's counsel at 20 S. Clark St., Suite 2500, Chicago, IL 60603.

7. I have otherwise complied with the terms of this Protective Order.

Name: _____

Signature: _____ Dated: _____

Address: _____

Telephone No.: _____