UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **BRET TUCKER FANNING, ET AL.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | No. 3:14-01650 |
| v. ) | Judge Campbell/Brown |
| ) | |
| **HONEYWELL AEROSPACE, a division** ) | |
| of Honeywell International, Inc.; and ) | |
| Honeywell International, Inc., ) | |
| ) | |
| **Defendants.** ) | |

**PROTECTIVE ORDER NO. 2 REGARDING THE PRODUCTION
AND DISCLOSURE OF SOFTWARE REQUIREMENTS
DOCUMENTS AND SOFTWARE SOURCE CODE**

**WHEREAS**, discovery in the above-captioned action has proceeded pursuant to a Protective Order, entered March 16, 2015 (Doc. 35); and

**WHEREAS**, Plaintiff Bret Tucker Fanning ("Plaintiff") has requested the production of the System Requirements Document ("SRD"), Software Design Requirements Document ("SDRD"), and Software Source Code for the Enhanced Ground Proximity Warning System ("EGPWS") with -212 version software manufactured by Honeywell International Inc. ("Honeywell") installed on UPS Flight 1354 (Flight 1354) the crash of which on August 14, 2013 gave rise to this action;[1] and

**WHEREAS**, Honeywell asserts that the SRD, SDRD, and Software Source Code described above contains highly sensitive trade secrets, Plaintiff agrees to stipulate that unauthorized release or disclosure of the Honeywell's trade secrets contained in the requested SRD, SDRD, and Software Source Code could constitute a substantial pecuniary harm to Honeywell's business; and,

---

[1] All further references to Flight 1354 herein pertains to UPS Flight 1354 at the time it crashed on August 14, 2013.

**WHEREAS**, Honeywell's right to protect its trade secrets must be balanced with Plaintiff's right to conduct discovery in the prosecution of the case and vice versa; and

**WHEREAS**, the Court has ordered Honeywell to produce at a Honeywell facility (hereinafter "the on-site evaluation") the sections of the SRD, SDRD, and Software Source Code for Modes 1 and 2B, Forward Looking Terrain Avoidance (FLTA), and Terrain Clearance Floor (TCF) associated with the -212 system installed on Flight 1354 (Docs. 69, 92), good cause having been found to exist under Rule 26(c), Federal Rule of Civil Procedure, applicable local rules, and case law for entry of this Protective Order to govern the use and disclosure of the aforementioned sections of the SRD, SDRD, and Software Source Code in this action.

**IT IS HEREBY ORDERED:**

1. <u>Scope and Application of Second Protective Order</u>. This Protective Order shall govern the protocol for the production, use, dissemination, and disposition of the sections of the SRD, SDRD, and Software Source Code for Modes 1 and 2B, FLTA, and TCF associated with the -212 system installed on UPS Flight 1354, as ordered by the Court in its orders dated June 30, 2016 and August 17, 2016. (Docs. 69, 92) Hereinafter, when the terms "SRD, SDRD, and/or Software Source Code" are used, it is understood and agreed that the terms mean only the sections of the SRD, SDRD, and Software Source Code for Modes 1 and 2B, FLTA, and TCF associated with the -212 system installed on Flight 1354. Production of additional sections of the SRD, SDRD, and Software Source Code will be permitted under this Protective Order only upon agreement of the parties or order of the Court.

2. <u>Reservations</u>. This Protective Order is not intended to require confidential treatment of motions, briefs, or other court-filed documents that are based generally on information contained in confidential materials, unless such motions, briefs, or court filings make specific reference to

2

specific contents of the SRD, SDRD, and/or Software Source Code.

    3. <u>Definitions</u>.

    3.1 <u>Software Source Code</u>. For purposes of this protective order only, "Software Source Code" shall mean the sections of the software source code for Modes 1 and 2B, FLTA, and TCF associated with the -212 system installed on UPS Flight 1354, and any attendant information produced by Honeywell pursuant to this order. This term shall include any extract, summary, paraphrase, quotation, restatement, compilation, notes, copy, testimony, presentation, or other document containing information from the Software Source Code and attendant information.

    3.2 <u>SRD</u>. For the purposes of this protective order only, SRD shall mean the sections of the System Requirements Document for Modes 1 and 2B, FLTA, and TCF associated with the -212 system that was installed on Flight 1354. This term shall include any extract, summary, paraphrase, quotation, restatement, compilation, notes, copy, testimony, presentation, or other document containing information from the SRD and attendant information.

    3.3. <u>SDRD</u>. For the purposes of this protective order only, SDRD shall mean sections of the Software Design Requirements Document for Modes 1 and 2B, FLTA, and TCF associated with the -212 system that was installed on Flight 1354. This term shall include any extract, summary, paraphrase, quotation, restatement, compilation, notes, copy, testimony, presentation, or other document containing information from the Software Design Requirements Document and attendant information.

    4. <u>Persons Authorized to Access SRD, SDRD, and Software Source Code</u>. The SRD, SDRD, and Software Source Code may not be disclosed or disseminated to any person except: (a) as expressly authorized by this Protective Order; (b) with the prior written consent of Honeywell; (c) by Order of the Court. In addition, access to the SRD, SDRD, and Software Source Code, except

by those specified below at pp. 4-5 at ¶¶ 4.e and 4.f , shall be limited to those individuals who have executed the Confidentiality Acknowledgment at Exhibit A to this Protective Order. Finally, access to the SRD, SDRD, and Software Source Code shall be limited to individuals who have a need to know in connection with this litigation, which includes only the following persons:

      a.      The parties' counsel of record in this case;

      b.      The parties' counsel's legal staff. However, the parties agree to limit disclosure of the SRD, SDRD and Software Source Code to those staff persons necessary to prosecute or defend this action;

      c.      The parties' experts, consultants or investigators to whom counsel determine in good faith that disclosure is required to assist in the prosecution, defense, or resolution of this action. However, Plaintiff's counsel shall disclose to Honeywell the identity and up-to-date CV of any expert, consultant, or investigator along with a list of any companies for which each expert, consultant, or investigator identified is providing consulting or contractor services, who will be given access to the SRD, SDRD, and/or Software Source Code disclosed pursuant to this Protective Order fourteen (14) days prior to any disclosure of the SRD, SDRD, and/or Software Source Code. Any objection to any individual expert, consultant, or investigator on the grounds that they are currently employed, consulting with or contracted by a competitor of Honeywell's EGPWS business or otherwise represents a potential concern to Honeywell's trade secrets, must be made to Plaintiff's counsel within ten (10) days of the identified individual at issue. If Honeywell objects to the identification of any expert, consultant, or investigator, Honeywell shall have ten (10) days from the date of objection to seek a court order limiting Plaintiff's right to disclose the SRD, SDRD, and/or Software Source Code to the identified expert, consultant or investigator. In the event Honeywell registers such an objection, Plaintiff's counsel may not disclose any SRD, SDRD, and/or Software

Source Code to any such objected-to expert, consultant or investigator until the Court has ruled on Honeywell's objection.

    d.  Videographers or court reporters retained by the parties or the Court;

    e.  The Court and its personnel, including any mediators and/or Special Masters appointed by the Court; and

    f.  Any private mediators or arbitrators utilized in this action.

  6.  <u>Production Format</u>. The SRD, SDRD, and Software Source Code produced in accordance with this Protective Order shall be provided in the following manner during the on-site evaluation.

  6.1  <u>Production and Inspection of SRD and SDRD</u>.

    a.  <u>File Format</u>: Honeywell shall produce the SRD and SDRD for Plaintiff's on-site inspection on a stand-alone computer in a conference room at Honeywell's facility in Redmond, Washington. The SRD and SDRD shall be made available in a password-secured, text searchable, portable document format (PDF). No party will remove, or attempt to remove, any document protections without Honeywell's written authorization or order of the Court.

    b.  Honeywell shall provide Plaintiff with copies of the sections of the SRD and SDRD that pertain to the discovery covered by this Protective Order in a secure electronic format for Plaintiff's subsequent off-site examination. Plaintiff's expert, Mr. Glenn Haskins, shall examine the medium/media provided, sign a receipt for it/them, and take appropriate steps to ensure that its/their contents are properly safeguarded thereafter. Plaintiff shall access the provided medium/media off-site only on a secure stand-alone computer that is not connected to the internet or accessible by any other means or any other device. Plaintiff shall not copy or otherwise reproduce off-site any material from the provided medium/media, including photographs and

5

diagrams, to any other medium, electronic or otherwise. Neither shall Plaintiff transmit the material on the provided medium/media by any electronic means, secure or otherwise. Mr. Haskins shall return the provided medium/media to Honeywell at the conclusion of the litigation as discussed below at ¶ 12, pp. 14-15, at which time Honeywell shall examine it, and then return Mr. Haskins' receipt to him.

    c. Plaintiff shall not print any section of the SRD and SDRD from the stand-alone computer during the on-site evaluation. Plaintiff shall instead submit all on-site SRD and SDRD print requests to Honeywell. Honeywell shall, in turn, provide real-time printing support to Plaintiff. The pages of the SRD and SDRD printed from the stand-alone computer during the on-site evaluation shall be bates stamped sequentially beginning at 00001, and marked as "**PROTECTED - SUBJECT TO PROTECTIVE ORDER.**" The following notice shall be affixed as a cover page to any document produced containing Trade Secret Information:

> **"This document contains highly sensitive trade secret information and is protected from disclosure pursuant to Order of the United States District Court for the Middle District of Tennessee in the matter of *Bret Tucker Fanning v. Honeywell Aerospace, a division of Honeywell International, Inc., and Honeywell International Inc.*, Case No. 3:14-CV-01650.**
>
> **Unauthorized dissemination of this information is prohibited.**
>
> **If you are not an authorized recipient of this information, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this information in error, please immediately notify Adler Murphy & McQuillen LLP, 20 S. Clark St., Suite 2500, Chicago, IL 60603, (312) 345-0700."**

Honeywell shall provide a copy of the excerpts of the SRD and SDRD printed in the manner described above to Plaintiff for further off-site examination. Copies of the excerpts shall be provided to Plaintiff on anti-copy paper, and bound in spiral or similar binding with an index of the

documents contained therein. Mr. Haskins shall examine the bound documents, receipt for them, and than take appropriate steps to ensure that its/their contents are properly safeguarded thereafter. Plaintiff shall not copy, photograph, or otherwise duplicate any of the documents so provided. Mr. Haskins shall return the bound documents to Honeywell at the conclusion of the litigation as discussed below at ¶ 12, pp. 14-15, at which time Honeywell shall examine them, and then return Mr. Haskins' receipt to him.

    d. Plaintiff's counsel and their expert(s) may take notes during the on-site inspection of the SRD and SDRD. Honeywell shall provide an office during the on-site evaluation where plaintiff's counsel and/or their expert(s) may confer in private on matters pertaining to the SRD and SDRD. Honeywell shall not be privy to these notes or private conferences under the attorney work product rule. Plaintiff's counsel shall destroy these notes at the conclusion of the litigation, and notice the Court when they have been destroyed.

    e. Production of sections of the SRD and SDRD that exceed the scope of this protective order shall not be permitted except upon agreement of the parties or order of the Court.

  6.2 <u>Production, Inspection and Simulation of Flight Profiles Based on Changes to the Software Source Code</u>.

    a. Honeywell shall make available the Software Source Code for Plaintiff's inspection by placing the sections of the Software Source Code for Modes 1 and 2B, FLTA, and TCF on a stand-alone computer in a conference room at Honeywell's facility in Redmond, Washington in the format in which the Software Source Code was created and maintained by the producing party. No party will remove, or attempt to remove, any document protections without written authorization from Honeywell or order of the Court.

    b. Honeywell shall provide Plaintiff with a copy of the Software Source Code

for Modes 1 and 2B, FLTA, and TCF that pertains to their discovery request in a secure electronic format for Plaintiff's subsequent off-site examination. Plaintiff's expert, Mr. Haskins, shall examine the medium/media provided, sign a receipt for it/them, and then take appropriate steps to ensure that its/their contents are properly safeguarded thereafter. Plaintiff shall access the provided medium/media off-site only on a secure stand-alone computer that is not connected to the internet or accessible by any other means or any other device. Plaintiff shall not copy or otherwise reproduce off-site any material from the provided medium/media to any other medium/media, electronic or otherwise. Neither shall Plaintiff transmit the material on the provided medium/media by any electronic means, secure or otherwise. Mr. Haskins shall return the provided medium/media to Honeywell at the conclusion of the litigation as discussed below at ¶ 12, pp. 14-15, at which time Honeywell shall examine it, and then return Mr. Haskins' receipt to him.

Plaintiff shall not print any section of the Software Source Code for modes 1 and 2B, FLTA, and TCF from the stand-alone computer during the on-site evaluation. Plaintiff shall submit all on-site print requests for the Software Source Code for Modes 1 and 2B, FLTA and TCF to Honeywell. Honeywell shall, in turn, provide real-time printing support to Plaintiff. The pages of the Software Source Code for Modes 1 and 2B, FLTA and TCF printed from the stand-alone computer during the on-site evaluation shall be bates stamped sequentially beginning at 00001, and marked as "**PROTECTED - SUBJECT TO PROTECTIVE ORDER.**" The following notice shall be affixed as a cover page to any document produced containing Trade Secret Information:

> **"This document contains highly sensitive trade secret information and is protected from disclosure pursuant to Order of the United States District Court for the Middle District of Tennessee in the matter of** *Bret Tucker Fanning v. Honeywell Aerospace, a division of Honeywell International, Inc., and Honeywell International Inc.***, Case No. 3:14-CV-01650.**
>
> **Unauthorized dissemination of this information is prohibited.**

8

> **If you are not an authorized recipient of this information, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this information in error, please immediately notify Adler Murphy & McQuillen LLP, 20 S. Clark St., Suite 2500, Chicago, IL 60603, (312) 345-0700."**

Honeywell shall provide copies of the excerpts of the Software Source Code for Modes 1 and 2B, FLTA and TCF printed in the manner described above to Plaintiff for further off-site examination. The printed excerpts shall be provided to Plaintiff on anti-copy paper, and bound in spiral or similar binding with an index of the documents contained therein. Mr. Haskins shall examine the bound document(s), receipt for it/them, and than take appropriate steps to ensure that its/their contents are properly safeguarded thereafter. Plaintiff shall not copy, photograph, or otherwise duplicate any of the documents so provided. Mr. Haskins shall return the bound documents to Honeywell at the conclusion of the litigation, at which time Honeywell shall examine them, and then return Mr. Haskins' receipt to him.

      c.     Plaintiff's counsel and their expert(s) may take notes during the on-site inspection of the Software Source Code for Modes 1 and 2B, FLTA and TCF. Honeywell shall provide an office during the on-site evaluation where Plaintiff's counsel and/or their expert(s) may confer in private on matters pertaining to the Software Source Code for Modes 1 and 2B, FLTA and TCF. Honeywell shall not be privy to these notes or private conferences under the attorney work product rule. Plaintiff shall destroy these notes at the conclusion of the litigation, and notice the Court when they have been destroyed.

      d.     Production of sections of the Software Source Code for Modes 1 and 2B, FLTA and TCF that exceed the scope of this Protective Order shall not be permitted except upon agreement of the parties or order of the Court.

      e.     All produced materials that exist in textual form shall be produced in the

9

Case 3:14-cv-01650 Document 122 Filed 11/09/16 Page 9 of 19 PageID #: 1394

original form in which they were created and maintained by the producing party.

   f. Plaintiff's expert shall tell Honeywell what changes to make to the Software Source Code when simulating flight profiles, and Honeywell shall make the changes requested. The files created by the changes made to the -212 Software Source Code shall be labeled -212-SBT (for special Birmingham test), *e.g.*, -212-SBT-001, -212-SBT-002, etc. Honeywell shall permit Plaintiff's expert to review the changes to the source code in each new file before and after each simulated flight profile to confirm that the actual change requested was made. Sections of the Software Source Code that are changed shall be documented by printing those sections before and after the changes made. Tracked changes or a software tracking tool may be used if available to track the changes to the Software Source Code.

   g. Honeywell shall provide Plaintiff with copies of the before-and-after change documentation discussed in 6.2.f above to Plaintiff. The copies shall be bates stamped sequentially beginning at 00001, and marked as "**PROTECTED - SUBJECT TO PROTECTIVE ORDER.**" The following notice shall be affixed as a cover page to any document produced containing Trade Secret Information:

> **"This document contains highly sensitive trade secret information and is protected from disclosure pursuant to Order of the United States District Court for the Middle District of Tennessee in the matter of *Bret Tucker Fanning v. Honeywell Aerospace, a division of Honeywell International, Inc., and Honeywell International Inc.*, Case No. 3:14-CV-01650.**
>
> **Unauthorized dissemination of this information is prohibited.**
>
> **If you are not an authorized recipient of this information, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this information in error, please immediately notify Adler Murphy & McQuillen LLP, 20 S. Clark St., Suite 2500, Chicago, IL 60603, (312) 345-0700."**

The before-and-after documentation shall be provided to Plaintiff on anti-copy paper, and bound in spiral or similar binding with an index of the documents contained therein. Mr. Haskins shall examine the bound documentation, receipt for them, and than take appropriate steps to ensure that its/their content(s) is/are properly safeguarded thereafter. Plaintiff shall not copy, photograph, or otherwise duplicate any of the documents so provided. Mr. Haskins shall return the bound documents to Honeywell at the conclusion of the litigation as discussed below at ¶ 12, pp. 14-15, at which time Honeywell shall examine them, and then return Mr. Haskins' receipt to him.

   h. Honeywell shall compile the modified Software Source Code with the complete -212 EGPWS Software Source Code, and then load the modified Software Source Code onto an EGPWS for testing. Honeywell and Plaintiff's expert shall confer to determine that the changes requested by Plaintiff's expert are made in accordance with the expert's request; however, Honeywell is not responsible to ensure that the modified Software Source Code functions as an executable version of the modified -212 EGPWS software.

   I. Honeywell shall run Plaintiff's requested flight profile tests using the downloaded data from the EGPWS from the subject accident on an EGPWS with unmodified -212 software using Honeywell's Batch Oriented Simulation System equipment.

   j. Honeywell also shall run flight profiles requested by Plaintiff's expert on the EGPWS with the modified -212-SBT software using Honeywell's Batch Oriented Simulation System equipment. Such flight profiles may include using the downloaded data from the EGPWS from the subject accident. Other flight profiles may be requested by Plaintiff's expert, and Honeywell shall make every reasonable effort to run such flight profiles using the available equipment and capabilities of its Batch Oriented Simulation System equipment. If Honeywell is not able to comply with any requests made by Plaintiff's expert, Honeywell shall explain the reasons.

k.	Honeywell shall provide Plaintiff with the results of the flight profile tests run in a format produced by Honeywell's Batch Oriented Simulation System equipment, and usable by Plaintiff expert during his subsequent off-site investigation, or as otherwise agreed by the parties at the time such flight profile tests are run.

l.	The activities set forth in Paragraphs 6.2.f. through 6.2.k above shall not exceed ten (10) business days exclusive of any pre- or post- on-site preparation/document review, or simulation testing time lost due to circumstances beyond Plaintiff's control including, but not limited to such circumstances as simulator down time, unforeseen technical problems/delays, etc. The total on-site time for the production/inspection of documents and simulation testing covered by this protective order shall not exceed twenty (20) days – four (4) calendar work weeks – without prior agreement of the parties or order of the Court. Time lost due to motions practice arising from on-site discovery disputes will be construed against the non-prevailing party.

7.	<u>Depositions Involving SRD, SDRD, and/or Software Source Code</u>. Depositions, or portions thereof, where the SRD, SDRD, and/or Software Source Code are discussed shall be designated confidential pursuant to this Order. Designation of confidentiality may be made on the record at deposition or in writing no later than thirty (15) days after receipt of the final, unsigned deposition transcript. No persons other than persons authorized to receive access to the SRD, SDRD, and/or Software Source Code, may attend, review the transcripts of, or view the video records of any portion of a witness deposition during which such information is shown or discussed. If testimony is designated as confidential pursuant to this Order, the court reporter shall insert a page break in the written record of the deposition, and make the appropriate legend on each page of the deposition transcript where such designated testimony appears. The cover page of a deposition transcript containing any designated portions shall indicate that it contains portions of testimony

12

subject to this Protective Order. During the time period between the deposition testimony and the deadline to designate such testimony, the deposition testimony be designated and treated in its entirety as SRD, SDRD, and/or Software Source Code.

8. <u>Limitations on Use of the SRD, SDRD, and/or Software Source Code</u>. The SRD, SDRD, and/or Software Source Code shall be used only by the parties and their counsel for prosecution and defense of this action, including any appellate proceedings. The SRD, SDRD, and/or Software Source Code shall not be used or disseminated in any other case, action, or proceeding.

9. <u>Filing or Use of the SRD, SDRD, and/or Software Source Code as Evidence</u>. The SRD, SDRD, and/or Software Source Code may be filed with the Court as required in connection with a motion or other matters pending before the Court, or as ordered or otherwise directed by the Court. If filed, any portion of the SRD, SDRD, and/or Software Source Code shall be filed under seal and shall remain under seal so long as it retains its status as SRD, SDRD, and/or Software Source Code. Counsel for each of the parties is responsible for taking reasonable steps to ensure that SRD, SDRD, and/or Software Source Code is filed under seal. Subject to the Federal Rules of Evidence, the SRD, SDRD, and/or Software Source Code may be offered as evidence at any hearing or trial, subject to any restrictions the Court may order or apply to protect the SRD, SDRD, and/or Software Source Code from unauthorized disclosure. Honeywell may move the Court for an order that any evidence designated as the SRD, SDRD, and/or Software Source Code shall be received at trial *in camera* or under other conditions necessary to prevent disclosure to third parties. Nothing in this Protective Order shall be deemed to waive the right of any party to object to the admission into evidence of any information covered by this Protective Order.

10. <u>Preservation of Confidentiality</u>. Plaintiff's counsel is responsible for employing

reasonable measures, consistent with this Protective Order, to prevent duplication of, distribution of, or access to Confidential Information. Counsel for Plaintiff shall notify Honeywell immediately of any unauthorized disclosure or access to such material. This Protective Order is not a waiver or relinquishment of a party's confidentiality claim to any Trade Secret Material. This Protective Order also shall not abrogate or diminish any privilege or any contractual, statutory, or other legal obligation or right of any party with respect to materials sought or produced in this litigation.

The inadvertent, unintentional or *in camera* disclosure of SRD, SDRD, and/or Software Source Code shall not be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

11. <u>Non-Termination of Confidentiality</u>. Any information or documents designated as confidential pursuant to the terms of this Protective Order shall continue to be treated as such until: (a) Honeywell expressly agrees in writing that the information, documents testimony, or materials are no longer to be designated as such; or (b) the Court orders that the information or documents are not protected from disclosure under this Protective Order. The obligations and protections imposed by this Protective Order shall continue beyond the conclusion of this action, including any appellate proceedings, or until the Court orders otherwise.

12. <u>Disposition of SRD, SDRD, and Software Source Code</u>. Within sixty (60) days after final conclusion of this action, including any appellate proceedings, with or without Honeywell's request, the SRD, SDRD, and/or Software Source Code (other than exhibits made of record with the Court) and all copies thereof (including electronic copies) shall be returned to Honeywell for disposition as Honeywell deems appropriate. At Honeywell's request, each person who has been permitted access to the SRD, SDRD, and/or Software Source Code as set forth in ¶ 4 at pp. 3-5 above shall sign a copy of the "Certificate of Compliance" at Exhibit B hereto within ninety (90)

days after final conclusion of this action indicated that they have fully complied with the terms of this Protective Order. Counsel for Plaintiff shall provide written notice of compliance with this provision and shall deliver the notice to counsel for Honeywell within one hundred twenty (120) days after final conclusion of this action, including all appellate proceedings. Said notice of compliance shall state the names of all individuals, including all experts, consultants, or investigators who have been permitted access to the SRD, SDRD, and/or Software Source Code and shall attach a signed Confidentiality Acknowledgment and Certificate of Compliance for each expert, consultant, or investigator identified.

13. Modification of Protective Order. Any party may petition the Court, on reasonable notice to all other parties, for a modification of the terms of this Protective Order. The Court shall have continuing jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this Protective Order, notwithstanding the final termination or conclusion of this action.

It is so **ORDERED**.

**ENTERED** this the 10th day of November, 2016.

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **BRET TUCKER FANNING, ET AL.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | No. 3:14-01650 |
| v. | ) | Judge Campbell/Brown |
| | ) | |
| **HONEYWELL AEROSPACE, a division** | ) | |
| of Honeywell International, Inc.; and | ) | |
| Honeywell International, Inc., | ) | |
| | ) | |
| **Defendants.** | ) | |

**EXHIBIT A TO PROTECTIVE ORDER NO. 2:**
**CONFIDENTIALITY ACKNOWLEDGMENT**

The undersigned hereby acknowledges and agrees:

1. I am aware that a Protective Order has been entered in the above-captioned action. I have had the opportunity to read the Protective Order and understand that my willful disclosure of the SRD, SDRD, and/or Software Source Code may constitute contempt of court and may be grounds for sanctions and/or penalties, including costs related to enforcement of this Protective Order, and agree to submit to this Court's jurisdiction for purposes of enforcement of the Protective Order.

2. I agree to comply with the requirements set forth in this Protective Order regarding the SRD, SDRD, and/or Software Source Code.

3. I will not disclose or discuss the SRD, SDRD, and/or Software Source Code with any persons except those persons specifically listed in this Protective Order under the procedures herein specified.

4. I or my employer have adequate procedures to ensure that the SRD, SDRD, and/or Software Source Code is not disclosed or discussed with any persons except those specifically listed in this

Protective Order under the procedures herein specified.

5.     If I intentionally cause the SRD, SDRD, and/or Software Source Code to be disseminated, used, or obtained by any person other than those specifically listed in this Protective Order, I agree that I will reimburse Honeywell for any damages that it suffers as a result of the loss and/or misuse of the SRD, SDRD, and/or Software Source Code. Said reimbursement includes legal fees, attorney's fees, lost profits, and the fair market value of any lost intellectual property.

6.     I agree that, within sixty (60) days after final conclusion of this action, including any appellate proceedings, I will return all the SRD, SDRD, and/or Software Source Code and all copies thereof (including electronic copies) within my control or possession to Honeywell's counsel at 20 S. Clark St., Suite 2500, Chicago, IL 60603. In addition, I will return a signed Certificate of Compliance, set forth as Exhibit B to this Protective Order.

Name: _____

Employer: _____

Signature: _____ Dated: _____

Address: _____

Telephone No.: _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **BRET TUCKER FANNING, ET AL.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | No. 3:14-01650 |
| v. | ) | Judge Campbell/Brown |
| | ) | |
| **HONEYWELL AEROSPACE, a division** | ) | |
| of Honeywell International, Inc.; and | ) | |
| Honeywell International, Inc., | ) | |
| | ) | |
| **Defendants.** | ) | |

### EXHIBIT B TO PROTECTIVE ORDER NO. 2:
### CERTIFICATE OF COMPLIANCE

The undersigned hereby acknowledges, agrees, and certifies:

1.  I am aware that a Protective Order has been entered in the above-captioned action. I have had the opportunity to read the Protective Order and understand that my willful disclosure of the SRD, SDRD, and/or Software Source Code may constitute contempt of court and may be grounds for sanctions and/or penalties, including costs related to enforcement of this Protective Order, and agree to submit to this Court's jurisdiction for purposes of enforcement of the Protective Order.

2.  I have previously agreed to comply with the requirements set forth in this Protective Order regarding the SRD, SDRD, and/or Software Source Code.

3.  I ( ___ have / ___ have not) received documents containing the SRD, SDRD, and/or Software Source Code as defined by this Protective Order.

4.  I have not disclosed or discussed the SRD, SDRD, and/or Software Source Code with any persons except those persons specifically listed in this Protective Order under the procedures herein specified.

5. I have employed adequate procedures to ensure that the SRD, SDRD, and/or Software Source Code was not disclosed or discussed with any persons except those specifically listed in this Protective Order.

6. I have returned all copies of the SRD, SDRD, and/or Software Source Code in my possession or control to Honeywell's counsel at 20 S. Clark St., Suite 2500, Chicago, IL 60603.

7. I have otherwise complied with the terms of this Protective Order.

Name: _____

Employer: _____

Signature: _____ Dated: _____

Address: _____

Telephone No.: _____